**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY BROCK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GNC HOLDINGS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE SECTION 1750, *et seq.*<br><br>2. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS & PROFESSIONS CODE SECTION 17500, *et seq.*<br><br>3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE SECTION 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Toby Brock, individually and on behalf of all others similarly situated, ("Plaintiff") brings this class action complaint against GNC Holdings, Inc., ("Defendant" or "GNC") and Does 1 through 10, inclusive (collectively referred to herein as "Defendants") and alleges as follows:

CLASS ACTION COMPLAINT

## SUMMARY OF THE ACTION

1. GNC's Vitamin E Skin Oil (the "Product") is not Vitamin E oil: It is mostly a vegetable oil used for cooking called Safflower oil masquerading as Vitamin E oil. Safflower oil does not deliver the cosmetic benefits of Vitamin E oil. GNC's false and deceptive Vitamin E skin oil label misleads and shortchanges consumers and creates a competitive advantage over other competitors, large and small, who play by the rules. Reasonable consumers do not expect mostly safflower oil in a Product labeled and advertised as Vitamin E skin oil. A true and correct representation of the Product's front label is set forth below.



2. Some of GNC's competitors manufacture and sell vitamin E oil products similar to the Product, but accurately label them as a "blend." For example, Trader Joe's sells a Vitamin E oil product comprised mostly of soybean oil and labels it as "Vitamin E Oil Blend." Defendant could easily modify its label to truthfully label it

1  as a blend and dispel consumer confusion but refuses to do so. A true and correct
2  representation of the Trader Joe's product is set forth below.



## PARTIES

3. Plaintiff is, and at all times relevant hereto was, a citizen of California residing in the county of Los Angeles. Plaintiff purchased the Product at a GNC in Los Angeles, California in Summer 2019 for approximately $12. In making her purchase, Plaintiff relied upon Defendant's labeling and advertising claims, including "Vitamin E Skin Oil" prominently labeled in large capital lettering front and center on the front of the bottle. This claim was prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers to purchase the Product. If Plaintiff had known that the Product was in fact primarily comprised of safflower oil rather than Vitamin E oil, she would not have purchased the Product. Plaintiff would purchase the Product again in the future if she could be sure that the Product was primarily or

exclusively Vitamin E oil or if GNC dispelled any confusion that the Product does not contain primarily or exclusively Vitamin E oil on its labeling, packaging, and advertising of the Product.

4. GNC is a corporation headquartered in Pittsburgh, Pennsylvania. GNC maintains its principal business office at 300 6th Avenue, Pittsburgh, Pennsylvania 15222. GNC directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. GNC is the one of the owners, manufacturers, and distributors of the Product, and is one of the companies that created and/or authorized the false, misleading, and deceptive packaging for the Product.

5. The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sues these individuals and/or entities by fictitious names. Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and unlawful and deceptive conduct hereinafter set forth below.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different

states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

7. Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff is a citizen of California who resides in this District; Defendant made the challenged false representations to Plaintiff in this District; Plaintiff purchased the Product in this District; and Plaintiff used the Product within this District. Moreover, Defendant receives substantial compensation from sales in this District, and Defendant made numerous misrepresentations which had a substantial effect in this District involving its labeling and advertising representations.

8. Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California.

## FACTUAL ALLEGATIONS

9. Defendants prominently display "Vitamin E Skin Oil" front and center on each bottle of the Product. The "Vitamin E" label claim is written in the largest font, in capital lettering, on the front of each and every bottle. Safflower oil is starkly omitted from the front label of the packaging despite being the primary oil. Defendant tellingly does not label the Product "Safflower skin oil."

10. The net impression of Defendant's labeling and advertising is that the Product is made exclusively or primarily of vitamin E oil. In actuality and unbeknownst to consumers, the Product is comprised primarily of safflower oil.

11. "Vitamin E" is the collective name for a group of fat-soluble compounds with distinctive antioxidant activities.[1] Vitamin E, also known as "D-Alpha-

---

[1] U.S. DEP'T OF HEALTH AND HUMAN SERVICES, THE NAT'L INSTITUTES OF HEALTH OFFICE OF DIETARY SUPPLEMENTS, *Vitamin E*, https://ods.od.nih.gov/factsheets/VitaminE-HealthProfessional/#en1 (Nov. 3, 2016) (citing Maurice E. Shils et al., MODERN NUTRITION IN HEALTH AND DISEASE 396-411 (10th ed. 2006)).

4
CLASS ACTION COMPLAINT

Tocopherol," is the most important lipid soluble antioxidant.[2] The National Institutes of Health Office of Dietary Supplements explains that Vitamin E is an antioxidant that helps protect cells from damage caused by free radicals, a reactive oxygen species formed when the body converts food to energy.[3] Additionally, damaged cells caused by radicals may contribute to cardiovascular disease and cancer.[4] People can be exposed to free radicals from environmental exposures such as pollution and ultraviolent radiation.[5] Moreover, Vitamin E oil blocks the free radicals from the human body which also play a major role in the aging process. Vitamin E oil is a powerful fat soluble antioxidant that can help rejuvenate human skin and overall health. Safflower oil does not possess the same qualities as Vitamin E oil.

12. Plaintiff and other consumers purchased the Product to obtain the benefits and qualities of Vitamin E, not of other oils like safflower oil.

13. Plaintiff and the Class made their purchasing decisions in reliance upon Defendants' advertised claims that that Product was exclusively or primarily Vitamin E skin oil.

14. Plaintiff purchased GNC Vitamin E skin oil from a GNC in Los Angeles in Summer 2019. Plaintiff paid approximately $12.00 for the Product.

15. Plaintiff reasonably and detrimentally relied upon the Product's front label indicating that the Product was exclusively or primarily "Vitamin E" skin oil.

16. Plaintiff would not have purchased the Product had she known the Product was primarily safflower skin oil. Plaintiff would purchase the Product again in the future if she could be sure that the Product was primarily or exclusively Vitamin E oil or if GNC dispelled any confusion that the Product does not contain

---

[2] *See* Lester Packer et al., Molecular Mechanisms of Protective Effects of Vitamin E in Atherosclerosis, THE JOURNAL OF NUTRITION (April 16, 2000) http://jn.nutrition.org/content/131/2/369S.full.pdf.
[3] *Supra* U.S. DEP'T OF HEALTH AND HUMAN SERVICES.
[4] *Supra* U.S. DEP'T OF HEALTH AND HUMAN SERVICES (citing Hans Verhagen et al., *The State of Antioxidant Affairs*, NUTRITION TODAY, November/December 2006, Vol. 41, Issue 6 at 244-50).
[5] *Supra* U.S. DEP'T OF HEALTH AND HUMAN SERVICES.

5
CLASS ACTION COMPLAINT

1 primarily or exclusively Vitamin E oil on its labeling, packaging, and advertising of the Product.

2. 17. Defendants' conduct threatens California consumers by using deceptive and misleading labels. Defendants' conduct also threatens other companies, large and small, who "play by the rules." Defendants' conduct stifles competition and has a negative impact on the marketplace, and reduces consumer choice.

18. There is no practical reason for the false or misleading labeling and advertising of the Product, other than to mislead consumers as to the actual ingredients of the Product being purchased by consumers while simultaneously providing Defendants with a financial windfall as a result of money saved from lower supply costs.

19. Plaintiff makes the allegations herein upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> All persons who purchased the Product in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present.

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

21. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

///

     a.    Whether Defendants' conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq*.;

     b.    Whether Defendants used deceptive representations in connection with the sale of the Product in violation of Civil Code section 1750, *et seq*.;

     c.    Whether Defendants represented the Product has characteristics or quantities that it does not have in violation of Civil Code section 1750, *et seq*.;

     d.    Whether Defendants advertised the Product with intent not to sell it as advertised in violation of Civil Code section 1750, *et seq*.;

     e.    Whether Defendants' labeling and advertising of the Product is untrue or misleading in violation of Business and Professions Code section 17500, *et seq*.;

     f.    Whether Defendants knew or by the exercise of reasonable care should have known their labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq*.;

     g.    Whether Defendants' conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

     h.    Whether Defendants' conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

     i.    Whether Defendants' conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

     j.    Whether Plaintiff and the Class paid more money for the Product than they actually received; and

     k.    How much money Plaintiff and the Class paid for the Product than they actually received.

22.   Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has

1 retained competent and experienced counsel in class action and other complex
2 litigation.

3     23. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations and material omissions. Plaintiff purchased the Product under the false belief that the Product contained exclusively or primarily Vitamin E skin oil. Plaintiff relied upon Defendants' packaging and would not have purchased the Product if she had known that the Product did not comprise exclusively or primarily of Vitamin E skin oil as advertised, and that the Product was actually comprised primarily of Safflower oil.

    24. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

    25. The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

    26. Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

    27. Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs

complained of herein.  Absent a representative action, the Class will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## COUNT ONE

### Violation of California Consumers Legal Remedies Act, California Civil Code Section 1750, *et seq.*

### (By Plaintiff against all Defendants)

28. Plaintiff repeats and realleges all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

29. Plaintiff brings this cause of action pursuant to Civil Code section 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present." Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

30. The Class consists of thousands of persons, the joinder of whom is impracticable.

31. There are questions of law and fact common to the Class, which questions are substantially similar and predominate over questions affecting the individual Class members, as set forth herein.

32. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

33. The practices described herein, specifically Defendants' packaging, advertising, and sale of the Product, were intended to result and did result in the sale of the Product to the consuming public and violated and continue to violate the

1  CLRA by (1) using deceptive representations in connection with the Product; and
2  (2) advertising and packaging the Product with intent not to sell them as advertised.

3      34.    Defendants fraudulently deceived Plaintiff and the Class by
4  misrepresenting the Product as having characteristics which it does not have, e.g.,
5  advertising the Product in such a way to represent it as containing primarily or
6  exclusively Vitamin E skin oil when it contains primarily Safflower oil. In doing so,
7  Defendants misrepresented and concealed material facts from Plaintiff and the
8  Class. Said misrepresentations and concealment were done with the intention of
9  deceiving Plaintiff and the Class and depriving them of their legal rights and
10 money.

11     35.    Defendants fraudulently deceived Plaintiff and the Class by labeling and
12 advertising the Product with intent not to sell as advertised.  Specifically,
13 Defendants intentionally labeled and misrepresented the Product as being primarily
14 or exclusively Vitamin E skin oil, and deliberately omitted any mention of
15 Safflower oil despite that the Product consists primarily of Safflower oil.  In doing
16 so, Defendants intentionally misrepresented and concealed material facts from
17 Plaintiff and the Class. Said misrepresentations and concealment were done with the
18 intention of deceiving Plaintiff and the Class and depriving them of their legal
19 rights and money.

20     36.    Defendants knew or should have known, through the exercise of
21 reasonable care, that the Product's labeling and advertising were misleading.

22     37.    Defendants' actions as described herein were done with conscious
23 disregard of Plaintiff's rights, and Defendants were wanton and malicious in their
24 concealment of the same.

25     38.    Defendants' labeling and advertising of the Product was a material factor
26 in Plaintiff's and the Class's decisions to purchase the Product. Based on
27 Defendant's labeling and advertising of the Product, Plaintiff and the Class
28 reasonably believed that they were purchasing a bottle that contained exclusively or

primarily Vitamin E skin oil instead of the Product containing primarily Safflower oil. Had they known the truth of the matter, Plaintiff and the Class would not have purchased the Product.

39. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for a bottle of oil that was different from what she was reasonably expecting to receive when she decided to make her purchase. Plaintiff would not have purchased the Product had she known the Product contained primarily Safflower oil.

40. Defendants' false and misleading labeling and advertising should be enjoined due to its false, misleading, and/or deceptive nature.

41. By letter dated June 17, 2019, Plaintiff advised Defendants of their false and misleading claims pursuant to California Civil Code Section 1782(a).

42. Pursuant to Section 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant, including, but not limited to, an order enjoining Defendant from continuing to make the label and advertising claims challenged herein.

43. Plaintiff shall be irreparably harmed if such an order is not granted.

## COUNT TWO
**Violation of California False Advertising Law,**
**Business & Professions Code Section 17500, *et seq.***
**(By Plaintiff against all Defendants)**

44. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

45. Plaintiff brings this cause of action pursuant to Business and Professions Code section 17500, *et seq.*, on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the United States or, alternatively, the State of

California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present." Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

46. California's False Advertising Law, California Business and Professions Code section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

47. Defendants knowingly spread misleading claims regarding the Product as a means to mislead the public about the amount of said ingredient in the Product.

48. Defendants controlled the labeling, packaging, production and advertising of the Product. They knew or should have known, through the exercise of reasonable care that their representations and omissions about the ingredients of the Product was untrue, deceptive and misleading.

49. Defendants' action of displaying misleading claims and omissions about the ingredients of the Product in prominent type face on each Product front label is likely to deceive the general public.

50. Defendants' actions in violation of Section 17500 were false and misleading such that the general public is and was likely to be deceived.

51. Pursuant to Business and Professions Code section 17535, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of falsely advertising that the Product is simply "Vitamin E skin oil" and deliberately omitting that the Product contains

primarily Safflower oil.

52. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiff purchased the Product in reliance upon the claims and omissions by Defendants that the Product is primarily or exclusively Vitamin E skin oil as represented by Defendants' labeling and advertising. Plaintiff would not have purchased the Product if she had known that the claims and advertising as described herein were false and misleading.

## COUNT THREE

## Violation of California Unfair Competition Law,
## Business & Professions Code Section 17200, *et seq.*
## (By Plaintiff against all Defendants)

53. Plaintiff repeats and realleges the allegations set forth above, and incorporate the same as if set forth herein at length.

54. Plaintiff brings this cause of action pursuant to Business and Professions Code section 17200, *et seq.*, on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present." Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

55. In the advertising of the Product, Defendants make false and misleading statements regarding the ingredients of the Product, as alleged in the preceding paragraphs.

56. Defendants' advertising claims and omissions about the Product, as alleged in the preceding paragraphs, are false, deceptive, misleading and unreasonable.

57. Defendants are aware that the claims (and omissions) they make about the Product are false, deceptive, misleading and unreasonable.

58. As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code Section 17200.

59. In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code Sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17500.

60. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

61. All of the conduct alleged herein occurs and continues to occur in Defendants' business.  Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

62. Pursuant to Business & Professions Code Sections 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Product.

63. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Indeed, Plaintiff purchased the Product in reliance of the claims by Defendants that the Product was capable of the representations made in Defendants' packaging and advertising.  Plaintiff would not have purchased the Product if she had known that the claims and advertising as described herein were false.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

     A.    An order enjoining GNC from continuing to label and advertise the Product as challenged herein;

     B.    Reasonable attorneys' fees; and

     C.    Costs of this suit.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: January 24, 2020                  **CLARKSON LAW FIRM, P.C.**

                                                                           /s/ Ryan J. Clarkson
                                                                     Ryan J. Clarkson, Esq.
                                                                     Shireen M. Clarkson, Esq.
                                                                     Matthew T. Theriault, Esq.
                                                                     Bahar Sodaify, Esq.

                                                                     *Attorneys for Plaintiff*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069